UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAMIE YATES, et al.,

       Plaintiffs,                     CIVIL ACTION NO. 11-CV-10778

vs.                                 DISTRICT JUDGE LAWRENCE P. ZATKOFF

U.S. BANK NATIONAL             MAGISTRATE JUDGE MONA K. MAJZOUB
ASSOCIATION, et al.,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DEFENDANTS' WITNESS (DOCKET NO. 38)

This matter comes before the Court on Plaintiffs' Motion to Compel Deposition of Defendants' Witness. (Docket no. 38). Defendants filed a response. (Docket no.46). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 40). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

Plaintiffs filed this suit against Defendants U.S. Bank National Association and Wells Fargo Bank, N.A., doing business as America's Servicing Company, challenging an alleged failed mortgage loan modification agreement and foreclosure. The Court entered a Scheduling Order on October 27, 2011 setting the close of discovery for February 29, 2012. (Docket no. 22). The Order directs that discovery must be initiated well in advance of the discovery cut-off date and motions to compel must be filed and heard before the February 29, 2012 close of discovery. (Docket no. 22). The Court extended discovery dates by Stipulated Order on January 25, 2012, setting April 29, 2012 as the date by which all discovery must be completed, including the filing and hearing of all

discovery motions. (Docket no. 23). The Stipulated Order states that "there shall be no further adjournments" of this case.

On April 16, 2012 Plaintiffs filed a Motion to Extend Discovery Deadlines, in which they requested a sixty day extension of the deadlines for discovery and for filing dispositive motions. (Docket no. 33). Plaintiffs' reasons for requesting an extension were because Defendants had not produced relevant discovery and Plaintiffs' motion to compel was pending with the Court with no resolution. (Docket no. 33). Judge Zatkoff denied Plaintiffs' request for an extension of discovery dates on April 19, 2012, stating that the parties had been granted a minimum of five discovery extensions for a total of more than six months. (Docket no. 35). Judge Zatkoff also noted that the parties had been informed that there would be no further adjournments of this case.

Plaintiffs filed the instant motion to compel on April 29, 2012. (Docket no. 38). In their motion, Plaintiffs ask for an order compelling the deposition of Defendants' witness. Plaintiffs contend that they served a Deposition Notice on Defendants on April 13, 2012, scheduling the deposition of Defendants' corporate representative for April 25, 2012 in Ann Arbor, Michigan. Defendants informed Plaintiffs that a corporate representative was not available on that date, but offered Plaintiff no alternative dates to produce the witness. Plaintiffs then rescheduled the deposition for April 27, 2012 in Gaithersburg, Maryland, in close proximity to where they believed the witness worked. Again Defendants informed Plaintiffs that the witness was unavailable, and as before, Defendants did not provide Plaintiffs with alternative dates on which the deposition could go forward.

On April 29, 2012 Plaintiffs filed the instant motion requesting an order compelling the deposition of Defendants' witness. Defendants filed a response in opposition to the motion, arguing

that the motion should be denied as untimely because it was filed on the discovery cut-off date. Defendants also argue that Plaintiffs had earlier opportunities to depose Defendants' corporate representative but chose not to do so, and should not be permitted additional time to take the deposition outside of the discovery period merely because they waited until the last moment to schedule the deposition. In fact, a review of the record reveals that it was Defendants who failed to provide complete responses to written discovery requests in a timely manner, which in turn made it impossible for Plaintiffs to adequately prepare for the deposition of the corporate representative and schedule same before April 2012.

Judge Zatkoff's Scheduling Orders have been clear in requiring that discovery be initiated well in advance of the discovery cut-off date and that motions to compel must be filed and heard before the close of discovery. He has also been very clear in informing the parties that further extensions of discovery deadlines would not be permitted. Nevertheless, the Court finds that Plaintiffs properly noticed the deposition of Defendants' corporate representative before the close of discovery. Plaintiffs also expeditiously rescheduled the deposition to occur at a place convenient to Defendants' witness after Defendants cancelled the first scheduled deposition. Defendants have not persuaded the Court that they made any effort to offer alternative dates on which the deposition could go forward.

Defendants cannot engage in delay tactics, stymie Plaintiffs' efforts to depose Defendants' witness, and then succeed in preventing Plaintiffs from taking the deposition outside of the discovery period once that period has run. Plaintiffs properly noticed the deposition of Defendants' witness and are entitled to proceed with the deposition. The fact that they were not able to conduct the deposition before discovery closed is through no fault of Plaintiffs. The Court will therefore grant

Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Deposition of Defendants' Witness (docket no. 38) is **GRANTED**. Plaintiffs must renotice the deposition of Defendants' corporate representative to be held in Michigan at a date and time convenient to the parties provided the deposition is completed by October 8, 2012. Defendants must pay the travel expenses of their corporate representative in coming to Michigan for the deposition, including airfare, hotel accommodations, food, and rental car expenses if needed.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 12, 2012          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 12, 2012          s/ Lisa C. Bartlett
                                   Case Manager